The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



/S/ RUSS KENDIG

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) CHAPTER 7 |
| TERRANCE S. REED & | ) |
| | ) CASE NO. 05-69204 |
| CRISTIN N. REED, | ) |
| | ) JUDGE RUSS KENDIG |
| Debtors. | ) |
| | ) ADVERSARY NO. 06-6212 |
| | ) |
| ANNE PIERO SILAGY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TERRANCE S. REED & | ) **MEMORANDUM OF OPINION** |
| | ) **(NOT FOR PUBLICATION)** |
| CRISTIN N. REED | ) |
| | ) |
| Defendants. | ) |

    The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (J) and (O).

    This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

On December 12, 2006, chapter 7 panel trustee Anne Piero Silagy (hereinafter "trustee") filed a complaint to revoke the chapter 7 discharge of debtors Terrance S. Reed and Cristin M. Reed (hereinafter "debtors"). Default judgment was entered in the trustee's favor on February 6, 2007. On August 10, 2007, attorney Donald R. Little entered a notice of appearance for the debtors. Attorney Little replaced Edward S. Asper, who has since been disbarred. On August 15, 2007, the debtors' case was converted to a chapter 13. On December 12, 2009, the case was converted back to a chapter 7.

On February 12, 2010 the debtors filed a motion to vacate the order revoking discharge. The motion argued that the order should be vacated because of Mr. Asper's gross neglect of the debtors' case. A hearing on the motion was held on March 22, 2010. Attorney Little represented the debtors and the trustee represented herself. At hearing, the debtors made clear that they were seeking relief under Federal Rule of Civil Procedure 60 as incorporated by Federal Rule of Bankruptcy Procedure 9024.

While debtors do not specify which subsection of Rule 60 they rely on, their argument fits Rule 60(b)(1), which allows relief in cases of "mistake, inadvertence, surprise or excusable neglect." However, Rule 60(c)(1) places a one-year time limit on relief under Rule 60(b)(1). More than one year has passed.

Accordingly, debtors' motion for reconsideration must be denied.

An order will issue simultaneously with this opinion.

\# \# \#

SERVICE LIST:

Anne Piero Silagy
220 Market Ave., South
Suite 300
Canton, OH 44702

Bruce R Schrader, II
Roetzel & Andress
222 S Main St
Suite 400
Akron, OH 44308

Terrance S Reed
400 Pennock St
Minerva, OH 44657

Christin N Reed
400 Pennock St
Minerva, OH 44657

Donald R Little
1400 N Market Ave
Canton, OH 44714-2608